MARIE MANLEY, Plaintiff-Appellee, *v.* TRI-CITY GROCERY COMPANY, Defendant-Appellant—(JAX ASPHALT COMPANY, INC., Defendant-Appellee.)

(No. 72-230;

Fifth District—July 13, 1973.

    Robert W. Wilson, of Burroughs, Simpson & Wilson, of Edwardsville, for appellant.

    John E. Jacobsen and Terry R. Black, both of Mount Vernon, for appellee Jax Asphalt Company.

    Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

    The plaintiff, Marie Manley filed a two-count complaint against the defendants based on an alleged injury which occurred when she tripped over a "bumper strip" located in the Tri-City Grovery parking lot.

    Count I was directed against both defendants, alleging that they were. negligent in placing an asphalt bumper strip in the parking lot, negligently failing to warn the plaintiff of the bumper strip, causing the

bumper strip to be constructed at a greater height than was reasonable and proper, and other acts and omissions.

Count II was also directed against both defendants, alleging wilful and wanton indifference in causing the bumper strips to be constructed, in failing to give warning of its location, and other acts and omissions.

Tri-City filed an answer to the original complaint, and, at the same time, filed a counterclaim against the defendant Jax Asphalt, alleging that Jax installed, designed and constructed the bumper strip over which the plaintiff fell; that if it is held liable to the original plaintiff, it will only be by virtue of its ownership and not due to any active negligence on its part; that any liability on its part would be the result of the active negligence of Jax's in the installation, design and construction of the controversial bumper strip.

Jax filed a motion to dismiss the counterclaim which reads in pertinent part as follows:

> "3. The Crossclaim and exhibits attached show that Tri City Grocery Company accepted the work and materials furnished in connection with the construction of said asphalt bumper strip and paid for said work in December of 1968.
>
> 4. If the plaintiff recovers a verdict and judgment against Tri City Grocery Company under its Complaint such verdict and judgment will be based upon the negligence or willful and wanton misconduct of Tri City Grocery Company as alleged in the Complaint which charges of fault include the installation of the asphalt bumper strip and failure to warn plaintiff of the location and presence of the strip; the legal effect of any such verdict or judgment in favor of the plaintiff and against Tri City Grocery Company would be that Tri City Grocery Company was actively at fault and under such circumstance there could be no recovery by it against Jax Asphalt Company for indemnification."

The trial court dismissed the crossclaim with prejudice and held that there was "no just reason for delaying an appeal from the order." The defendant-counterplaintiff, Tri-City appeals.

We reverse. *Mierzejwski v. Stronczek*, 100 Ill.App.2d 68, 241 N.E.2d 573; *Broncata v. Timbercrest Estates, Inc.*, 100 Ill.App.2d 49, 241 N.E.2d 569; *McDonald v. Frontier Lanes, Inc.*, 1 Ill.App.3d 345, 272 N.E.2d 369.

For the above reasons this case is remanded with directions that the third party defendant be compelled to answer.

Reversed and remanded with directions.

EBERSPACHER, P. J., and CREBS, J., concur.