JOHN ZAJAC, Plaintiff, *v.* ILLINOIS HEATING & VENTILATING COM-
PANY *et al.*, Defendants.—G. A. K. CONSTRUCTION & DEVELOPMENT
COMPANY, Third-Party Plaintiff-Appellant, *v.* BARNES CONSTRUCTION
CORPORATION *et al.*, Third-Party Defendants.—(MIDWEST STEEL
ERECTION COMPANY, INC., Third-Party Defendant-Appellee).)

First District (1st Division)   No. 79-1104

Opinion filed March 31, 1980.

John W. Storer, Robert S. Soderstrom, James P. DeNardo, and William E. Haley, all of McKenna, Storer, Rowe, White & Farrug, of Chicago, for appellant.

Francis D. Morrissey, Harry O'Kane, John T. Rank, and Gary W. Fresen, all of Baker & McKenzie, of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

This appeal arises from the dismissal of G. A. K. Construction and Development Company's third-party complaint against Midwest Steel Erection Company, Inc. On appeal, G. A. K. contends that the complaint alleged a valid cause of action for indemnity against Midwest.

We reverse and remand.

On May 21, 1976, John Zajac filed an action against G. A. K. Construction and Development Company (G. A. K.) and other defendants for injuries sustained when he fell from a steel column at a construction site. On May 31, 1976, Zajac filed a two-count amended complaint. Count I, based on the Structural Work Act, was directed at all defendants. Count II was based on negligence and was directed solely at G. A. K.

G. A. K. filed a third-party complaint against Structural Sales, Inc. (Structural Sales) and Midwest Steel Erection Company, Inc. (Midwest). This complaint, as well as an amended third-party complaint and a second amended third-party complaint, were dismissed as to Midwest upon Midwest's motion. G. A. K. was given leave to amend.

G. A. K. filed its third amended third-party complaint against Midwest and Structural Sales. This complaint alleged that at the time Zajac was injured, a subcontract existed between G. A. K. as contractor and Structural Sales as subcontractor whereby Structural Sales agreed to construct the structural steel for the building and furnish all materials and labor, including scaffolding. Structural Sales thereafter entered into another subcontract with Midwest, Zajac's employer, whereby Midwest agreed to erect the structural steel, perform all necessary labor, and furnish all tools, equipment, and appliances. The terms of the principal contract were incorporated by reference into the Structural Sales-Midwest contract. Hence Midwest and Structural Sales had the duty to erect and supervise the work on the structure upon which plaintiff was injured.

The complaint alleged that G. A. K. was not, by virtue of these subcontracts, involved in the supervision, work direction or performance of the erection of the structural steel. G. A. K. further alleged that the conduct of Midwest and Structural Sales was the major cause of Zajac's injuries in that they either improperly supervised or failed to supervise the erection and construction of the structural steel, although both were charged with the duty of supervision by subcontract. Moreover, Midwest Steel and Structural Sales improperly erected and constructed the column from which John Zajac fell by improperly positioning holes for anchor bolts in a base plate, thereby causing the column attached to the base plate to move. Midwest and Structural Sales also failed to provide adequate scaffolding.

G. A. K. further alleged that the only basis of liability on its part, if any, was its failure to discover the improper actions of Midwest and Structural Sales. The primary or major cause of Zajac's injuries was the improper construction of the columns by Midwest and Structural Sales and therefore, if G. A. K. was held liable to Zajac, Midwest and Structural Sales were required to indemnify G. A. K.

Midwest presented a motion to dismiss the third amended third-party complaint. After a hearing, the trial court granted the motion and dismissed the complaint as to Midwest with prejudice on the grounds that the complaint failed to allege both an active-passive situation between G. A. K. and Midwest and a pre-tort relationship between G. A. K. and Midwest.

First, G. A. K. contends that the complaint alleged a qualitative distinction between the conduct of G. A. K. and the conduct of Midwest, that is, it properly alleged that Midwest was the active tortfeasor while G. A. K.'s fault was merely passive. We agree.

■■ A third-party complaint in an action for indemnity must allege a qualitative, *i.e.*, active-passive, relationship between the negligence of the third-party plaintiff and third-party defendant and a pre-existing relationship between these parties. (*Mullins v. Crystal Lake Park District* (1970), 129 Ill. App. 2d 228, 262 N.E.2d 622, citing *Muhlbauer v. Kruzel* (1968), 39 Ill. 2d 226, 234 N.E.2d 790.) An active wrongdoer's conduct is generally characterized as the primary cause of injury while a passive wrongdoer's conduct is a secondary cause. (*Burgdorff v. International Business Machines* (1975), 35 Ill. App. 3d 192, 341 N.E.2d 122.) Moreover, this theory of indemnity is applicable to Structural Work Act cases where wilfulness rather than negligence is an element of the original claim. *Miller v. DeWitt* (1967), 37 Ill. 2d 273, 226 N.E.2d 630.

Because this case is before us on the pleadings, we are required to follow the rule enunciated in *Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 187, 380 N.E.2d 790, 794:

"Because the judgment was entered upon allowance of defendant's motion to dismiss, all facts properly pleaded in the complaint must be taken as true. (*Acorn Auto Driving School, Inc. v. Board of Education* (1963), 27 Ill. 2d 93, 96.) This court has repeatedly held that a cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle plaintiffs to recover. (*Fechtner v. Lake County Savings & Loan Association* (1977), 66 Ill. 2d 128; *Edgar County Bank & Trust Co. v. Paris Hospital, Inc.* (1974), 57 Ill. 2d 298; *Winnett v. Winnett* (1974), 57 Ill. 2d 7; *Miller v. DeWitt* (1967), 37 Ill. 2d 273."

■ We find that G. A. K.'s third amended third-party complaint contains sufficient allegations of fact indicating active conduct on the part of Midwest and passive conduct on the part of G. A. K. The complaint alleges that G. A. K. had no role in the erection of the structure and that Midwest was charged this duty under the terms of the subcontract between it and Structural Sales. Moreover, the complaint alleges that Midwest's conduct was the major cause of Zajac's injuries since Midwest improperly positioned the base plate to which was attached the column from which Zajac fell and failed to provide adequate scaffolding. These facts, if proved, would entitle G. A. K. to recover.

■ Midwest urges that the third-party complaint alleges a complete defense to the action brought by Zajac. It states that G. A. K.'s denial of any role in the supervision or control of the work performed by Zajac is tantamount to a denial that it was "in charge" of the work within the meaning of the Structural Work Act. Hence, Midwest denied all responsibility for Zajac's injuries.

However, under the Structural Work Act, a party is exposed to liability even if not directly involved in supervision or construction. In *Westerfield v. Arjack Co.* (1979), 78 Ill. App. 3d 137, 141, 397 N.E.2d 451, 455, the court said:

"* * * in order to impose liability under the Act, it is not necessary that a party be in direct charge of the particular operation from which the injury arose if it is in charge of the overall work for the project under construction. One or more parties can have charge of the overall work, and other parties can have charge of the phase of the work in connection with which an injury occurs. In that event, all of them would have charge of the work within the meaning of the statute. *Emberton v. State Farm Mutual Automobile Insurance Co.* (1978), 71 Ill. 2d 111, 123, 373 N.E.2d 1348, 1353; *Miller v. DeWitt* (1967), 37 Ill. 2d 273, 291, 226 N.E.2d 630, 642; see Illinois Pattern Jury Instructions, Civil, No. 180.02 (2d ed. 1971.)"

Therefore, G. A. K.'s allegations do not state a defense to Zajac's actions.

Secondly, G. A. K. contends that the third-party complaint disclosed a relationship upon which a duty to indemnify could be predicated. In *Muhlbauer v. Kruzel* (1968), 39 Ill. 2d 226, 231-32, 234 N.E.2d 790, 793, our supreme court stated that: "a third party complaint must disclose some relationship upon which a duty to indemnify may be predicated." Here, G. A. K. admits its role as general contractor. G. A. K. alleges that as a result of the subcontracts, Midwest was charged with the duty of erecting the structural steel for the building. Therefore, Midwest's conduct was the major cause of Zajac's injuries because it improperly positioned the base plate upon which Zajac fell. We believe that the allegations regarding the existence of the subcontracts and the active involvement of Midwest are sufficient to meet the relationship requirement.

Midwest contends that the third-party complaint failed to allege the pre-tort relationship. As evidence of this, Midwest cites the lack of a contract between Midwest and G. A. K. However, indemnity has been allowed in many instances despite the lack of a contract between the indemnitor and indemnitee. In *Reynolds v. Illinois Bell Telephone Co.* (1964), 51 Ill. App. 2d 334, 201 N.E.2d 322, the court adopted dictum in *John Griffiths & Son Co. v. National Fireproofing Co.* (1923), 310 Ill. 331, 141 N.E. 739, to the effect that indemnity may be obtained even though there is no contract between the parties. In *Muhlbauer v. Kruzel* (1968), 39 Ill. 2d 226, 234 N.E.2d 790, the supreme court cited without disapproval *Reynolds* and *Sargent v. Interstate Bakeries, Inc.* (1967), 86 Ill. App. 2d 187, 229 N.E.2d 769, wherein indemnity was allowed even though there was no contract between the indemnitor and indemnitee. We therefore conclude that the lack of a contract between Midwest and G. A. K. is irrelevant to the issue of whether a pre-tort relationship existed.

We conclude that G. A. K.'s third amended third-party complaint contained sufficient allegations of fact indicating an active-passive distinction between G. A. K.'s conduct and that of Midwest and a pre-tort relationship giving rise to a duty on the part of Midwest to indemnify. Hence, the trial court erred in dismissing the third-party complaint without a trial on the merits. *Miller v. DeWitt* (1967), 37 Ill. 2d 273, 226 N.E.2d 630.

For the foregoing reasons, we reverse the order of the circuit court of Cook County dismissing G. A. K.'s third amended third-party complaint and remand the cause for further proceedings.

Order reversed; cause remanded.

O'CONNOR and CAMPBELL, JJ., concur.