HAYWOOD BLOODSAW, Plaintiff, *v.* CORBETTA CONSTRUCTION COMPANY *et al.*, Defendants.—(CORBETTA CONSTRUCTION COMPANY, Third-Party Plaintiff-Appellant, *v.* ROBERT IRSAY COMPANY, Third-Party Defendant-Appellee.)

First District (3rd Division) No. 78-1229

Opinion filed June 25, 1980.

Francis D. Morrissey, John T. Coleman, and John T. Rank, all of Baker & McKenzie, of Chicago, for appellant.

Jack L. Watson, of Schaffenegger, Watson and Peterson, Ltd., of Chicago, for appellee.

Miss PRESIDING JUSTICE McGILLICUDDY delivered the opinion of the court:

The plaintiff, Haywood Bloodsaw, filed a complaint in the Circuit Court of Cook County against various defendants in which he alleged that he sustained injuries as a result of the defendants' negligent acts and violations of the Illinois Structural Work Act. (Ill. Rev. Stat. 1973, ch. 48, par. 60 *et seq.*) Corbetta Construction Company (Corbetta), one of the defendants, filed a third-party complaint against Robert Irsay Company (Irsay), seeking indemnification for any recovery obtained by the plaintiff against Corbetta. On April 25, 1978, the trial court granted Irsay's motion to dismiss with prejudice Corbetta's second amended third-party complaint, and Corbetta appealed.

The plaintiff's complaint alleges that on June 24, 1974, the plaintiff was working on a construction project at Whitney Young High School in Chicago. Corbetta was the general contractor on said project. On that date the defendants[1] were guilty of one or more of the following acts and/or omissions:

"a. Carelessly and negligently supplied a certain lift which was inadequate for the job intended;

---

[1] The defendants named in the complaint, in addition to Corbetta, were the architect, various subcontractors assigned to the job and the owner and manager of the property.

    b. Carelessly and negligently failed to inspect lift to discover that it was inadequate before allowing it to be used;

    c. Carelessly and negligently failed to make proper repairs and adjustments after having notice well in advance or, in the exercise of ordinary care, should have been aware of;

    d. Carelessly and negligently failed to warn the plaintiff that said lift was inadequate for the job to be done;

    e. Carelessly and negligently failed to properly supervise the job and to provide supervisory and technical personnel for the purpose of instructing employees on the proper use and utilization of equipment."

As a result of one or more of these wrongful acts, the lift which held sheet metal and sheet metal fittings "jack-knifed." The sheet metal and fittings fell approximately 13 feet and struck the plaintiff injuring him. The complaint further alleges that all of the acts complained of were done in direct violation of and with complete disregard for the Structural Work Act (Ill. Rev. Stat. 1973, ch. 48, par. 60 *et seq.*).

Corbetta's second amended third-party complaint alleges that Irsay, a subcontractor of Corbetta, was the employer of the plaintiff. At the time of the occurrence described in the plaintiff's complaint, the plaintiff was using a certain lift owned, maintained, selected and erected by Irsay. The plaintiff's use of the lift was within the scope of his employment and under the direct supervision and control of Irsay.

Corbetta additionally asserts in its complaint that any negligence or violation of the Structural Work Act on its part would arise from its status as general contractor and from its failure to inspect or adequately inspect the lift used by the plaintiff. It contends that such conduct would be passive and secondary in nature. Corbetta further alleges that Irsay was guilty of one or more of the following acts of active and primary wrongdoing:

    "a. Provided the plaintiff with improper directions and supervision as to the manner in which he was to perform his work;

    b. Improperly directed and located the lift in the vicinity of a recession in the concrete floor on which the device was located;

    c. Failed to provide the plaintiff with an appropriate lift which was to be used in the performance of his services;

    d. Failed to provide the plaintiff with an adequate lift for the job intended;

    e. Failed to make proper repairs and adjustments on the device being used by the plaintiff at the time of the occurrence alleged in the plaintiff's Second Amended Complaint."

Corbetta concludes that Irsay owes it the duty of indemnification for all amounts for which it may be held liable to the plaintiff.

The trial court dismissed the third-party complaint for failure to state a cause of action. The court's order stated:

"If the defendant-third party plaintiff is found liable in the principal cause, it will have been found that in this case as pleaded by third-party plaintiff, to have been held 'in charge of' the work * * * and that the Court finds that that conduct can only be active negligence which will preclude any cause of action for non-contractual implied indemnity towards the third-party defendant."

Corbetta argues that the trial court's ruling is contrary to the law of Illinois. It maintains that the fact that a party in charge of the work has violated the Act does not preclude recovery through indemnification.

■■ The Structural Work Act provides that only a party in charge of the construction can be liable thereunder. (Ill. Rev. Stat. 1973, ch. 48, par. 69; *Emberton v. State Farm Mutual Insurance Co.* (1978), 71 Ill. 2d 111, 373 N.E.2d 1348.) Because more than one party can be in charge of the work, several parties may ultimately be liable to the injured party. (*Emberton.*) However, there can be degrees of fault among those who are liable under the Act, and the passively delinquent party, if held accountable, may transfer its statutory liability to the actively delinquent party. (*Rome v. Commonwealth Edison Co.* (1980), 81 Ill. App. 3d 776, 401 N.E.2d 1032.) A finding that Corbetta was in charge of the work, therefore, would not alone constitute active negligence. If it did, there would be no indemnification in any Structural Work Act litigation.

■■ Corbetta also argues that its third-party complaint states a cause of action for indemnification. Third-party indemnity is allowed to a tortfeasor whose misconduct is passive in comparison to the misconduct of another tortfeasor whose wrongdoing can be characterized as active and the primary cause of the plaintiff's injuries. (*Harris v. Algonquin Ready Mix, Inc.* (1974), 59 Ill. 2d 445, 322 N.E.2d 58; *Rome v. Commonwealth Edison Co.*) Before indemnification will be permitted there must be a qualitative distinction between the negligence of the two tortfeasors. *Zizzo v. Ben Pekin Corp.* (1979), 79 Ill. App. 3d 386, 398 N.E.2d 382.

Our review of the third-party complaint reveals that Corbetta has pleaded such a qualitative distinction. Corbetta maintains that if it was negligent, it was because it ignored its responsibility as the general contractor to inspect the lift used by one of its subcontractors. In contrast, it alleges that Irsay owned and controlled the operation of the lift at the time of the accident.

■■ ■ A third-party complaint should not be dismissed unless it appears from the pleadings that in no event would the indemnitee have an action against the indemnitor. (*Miller v. DeWitt* (1967), 37 Ill. 2d 273, 226

56

N.E.2d 630; *Rome v. Commonwealth Edison Co.*) After reviewing the pleadings, we are of the opinion that Corbetta's third-party complaint alleges conduct on the part of Irsay which may constitute active misconduct and, if supported at trial, would entitle Corbetta to indemnity. The trial court, therefore, erred when it dismissed the third-party complaint.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is hereby reversed and this matter is remanded to the trial court.

Reversed and remanded.

SIMON and RIZZI, JJ., concur.