DAVID BADORSKI, Plaintiff, *v.* COMMONWEALTH EDISON COMPANY, Defendant and Third-Party Plaintiff-Appellant.—(H. H. ROBERTSON COMPANY, Third-Party Defendant-Appellee.)

First District ((3rd Division)    No. 78-1055

Opinion filed September 24, 1980.

Banker & McKenzie, of Chicago (Francis D. Morrissey, Harry J. O'Kane, and John T. Rank, of counsel), for appellant.

Schaffenegger, Watson & Peterson, Ltd., of Chicago (Jack L. Watson, of counsel), for appellee.

Mr. JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, David Badorski, brought this action for negligence and violation of the Structural Work Act (Ill. Rev. Stat. 1977, ch. 48, pars. 60-69)

against defendant, Commonwealth Edison Company. Edison filed a third-party complaint for indemnity against plaintiff's employer, H. H. Robertson Company. The trial court dismissed the third amended third-party complaint of Edison with prejudice. We reverse.

In his complaint, plaintiff alleges that on October 20, 1974, he was a construction worker employed by H. H. Robertson Company. At that time, he was working on the construction of a building at the Collins Station Area, Dresden Nuclear Power Plant, which is near Morris, Illinois. He was working on a scaffold at the building when a piece of corrugated material was lifted by the wind and caused plaintiff to fall to the ground. At the time of the incident, Edison was the owner of the building.

In the first count of his complaint, plaintiff alleges that Edison violated the Structural Work Act in that it "wilfully failed to place or operate in a safe, suitable and proper manner said support so as to give proper and adequate protection to the life and limb of any person or persons employed or engaged thereon." In the second count, plaintiff alleges that Edison was guilty of one or more of the following negligent acts or omissions:

(a) Failed to make a reasonable inspection of the premises and the work being done thereon, when the defendants knew or in the exercise of ordinary care should have known, that said inspection was necessary to prevent injury to the plaintiff.

(b) Improperly operated, managed, maintained and controlled the aforesaid premises, so that as a direct and proximate result thereof, the plaintiff was injured.

(c) Failed to provide the plaintiff with a safe place within which to work.

(d) Failed to warn the plaintiff of the dangerous conditions then and there existing, when the defendants knew or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the plaintiff.

(e) Failed to provide adequate safeguards to prevent the plaintiff from injury while lawfully upon said premises.

(f) Failed to supervise the work being done on the aforesaid premises.

(g) Carelessly and negligently implemented or executed the designs, preparations or plans for the structure upon or around which workmen, including the plaintiff, David Badorski, would be working.

In its third-party complaint, Edison alleges that any negligence or violation of the Structural Work Act would arise solely from its capacity as an owner in charge of the work for its failure to inspect or adequately

inspect the site. Edison alleges that any misconduct on its part was passive in nature. Edison further asserts that Robertson, as the employer and direct supervisor of plaintiff, was guilty of one or more of the following acts of active or primary wrongdoing:

(a) Provided the plaintiff with improper directions and supervision as to the manner in which he was to perform his work;

(b) Failed to provide the plaintiff with appropriate safety devices to protect the plaintiff from falling;

(c) Failed to warn the plaintiff of the danger of the wind and weather conditions existing at the time of the accident;

(d) Failed to isolate the open area through which the plaintiff fell;

(e) Failed to other wise provide the plaintiff with a safe place to work.

■■ Under section 25(2) of the Civil Practice Act, a defendant may, by third-party complaint, bring in as a defendant a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. (Ill. Rev. Stat. 1977, ch. 110, par. 25(2).) A third-party complaint does not have to show with certainty that there will be recovery, but is sufficient if the pleadings show a possibility of recovery. (*Richard v. Illinois Bell Telephone Co.* (1978), 66 Ill. App. 3d 825, 843, 383 N.E.2d 1242, 1257; *Blaszak v. Union Tank Car Co.* (1962), 37 Ill. App. 2d 12, 16, 184 N.E.2d 808, 810.) A third-party complaint should not be dismissed unless it appears from the pleadings that the third-party plaintiff would in no event have an action over against the third-party defendant. *Miller v. DeWitt* (1967), 37 Ill. 2d 273, 287-88, 226 N.E.2d 630, 640; *Bloodsaw v. Corbetta Construction Co.* (1980), 86 Ill. App. 3d 52, 55, 407 N.E.2d 876, 879.

Edison first argues that it is not required to plead the existence of a pretort relationship, but if there is such a requirement, it has properly pleaded the requisite relationship. Robertson, on the other hand, contends that a pretort relationship is necessary and is not present here. Robertson maintains that the pleadings fail to allege a contract or any pretort relationship between the parties.

■■ A third-party complaint must disclose some relationship upon which a duty to indemnify may be predicated. (*Muhlbauer v. Kruzel* (1968), 39 Ill. 2d 226, 231-32, 234 N.E.2d 790, 793; *Zajac v. Illinois Heating & Ventilating Co.* (1980), 82 Ill. App. 3d 1148, 1152, 403 N.E.2d 674, 677; *Evans v. Control Products Corp.* (1979), 73 Ill. App. 3d 681, 685, 392 N.E.2d 239, 241-42.) Here, Edison has clearly fulfilled that requirement. In the recent *Zajac* case, a general contractor was allowed to bring a third-party action against a subcontractor with whom it had no contractual relationship. The court stated that the lack of a contract between the parties was irrelevant as to whether a pretort relationship existed. (*Zajac*, 82 Ill. App. 3d 1148,

1152, 403 N.E.2d 674, 677.) Similarly here, the owner, Edison, and the subcontractor, Robertson, had a sufficient relationship even though there was no contract between them. Edison alleged that Robertson's work was being done pursuant to a contract with a contractor for Edison, and that under that contract, Robertson owed to Edison duties and obligations relative to the performance of the work. The allegations regarding the existence of the subcontract and the involvement of Robertson on the job site owned by Edison sufficiently established a relationship upon which a duty to indemnify may be predicated. See *Zajac*, 82 Ill. App. 3d 1148, 1152, 403 N.E.2d 674, 677.

Edison next argues that its third-party complaint alleges a qualitative distinction between its conduct and Robertson's conduct. Indemnity is proper when there is a qualitative distinction between the conduct of two wrongdoers. The party who is guilty of active wrongdoing will be liable to the party who is guilty of passive misconduct. (*Harris v. Algonquin Ready Mix, Inc.* (1974), 59 Ill. 2d 445, 449, 322 N.E.2d 58, 60; *Zizzo v. Ben Pekin Corp.* (1979), 79 Ill. App. 3d 386, 398, 398 N.E.2d 382, 391; *Warren v. Johnson & Johnson* (1976), 39 Ill. App. 3d 1029, 1032, 351 N.E.2d 415, 418.) Additionally, the fact that a person is in charge of the work and wilfully violates the Structural Work Act does not necessarily lead to the conclusion that the person is an active wrongdoer. *Miller*, 37 Ill. 2d 273, 291, 226 N.E.2d 630, 641; *Bloodsaw*, 86 Ill. App. 3d 52, 55, 407 N.E.2d 876, 878; *Warren*, 39 Ill. App. 3d 1029, 1032, 351 N.E.2d 415, 418.

■■ We agree with Edison that the third-party complaint alleges a qualitative distinction between the conduct of the two parties. Edison alleges that if it did violate the Structural Work Act or if it was negligent, its misconduct was passive in nature and arose solely from its duty as an owner to inspect the work site. In contrast, Edison alleges that Robertson was guilty of active wrongdoing in a number of respects as the direct supervisor of plaintiff. These allegations are sufficient to disclose a qualitative distinction between the conduct of Edison and Robertson.

We conclude that the third-party complaint alleges conduct on the part of Edison which may constitute passive misconduct, and conduct on the part of Robertson which may constitute active misconduct, If these allegations are supported at trial, Edison may be entitled to indemnity. (See *Bloodsaw*, 86 Ill. App. 3d 52, 56, 407 N.E.2d 876, 879.) Since it appears from the pleadings that Edison may have an action against Robertson, the third-party complaint was improperly dismissed.

Accordingly, the order of the circuit court dismissing the third-party complaint is reversed and the case is remanded for further proceedings.

Reversed and remanded.

McNAMARA and SIMON, JJ., concur.