DONALD W. PETERSON, Plaintiff, *v.* TAM O'SHANTER RACQUET CLUB, INC., Defendant and Third-Party Plaintiff-Appellant.—(ALEX KAUFMANN, Third-Party Defendant; D. J. VELO & COMPANY *et al.*, Third-Party Defendants-Appellees.)

First District (4th Division)    No. 79-1604

Opinion filed November 26, 1980.

Pretzel, Stouffer, Nolan & Rooney, Chartered (Robert Marc Chemers and Joseph B. Lederleitner, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Robert Guritz and Stephen R. Swofford, of counsel), for appellee D. J. Velo & Co.

Gordon, Schaefer & Gordon, Ltd., of Chicago (Gilbert W. Gordon, of counsel), for appellee.

Mr. JUSTICE ROMITI delivered the opinion of the court:

This appeal is taken by Tam O'Shanter Racquet Club, Inc. (Tam O'Shanter), as the third-party plaintiff from dismissal with prejudice of

its third-party implied indemnity action against D. J. Velo & Company (Velo) and M. Putterman & Company (Putterman). The trial court found no just reason to delay enforcement or appeal of its order. (73 Ill. 2d R. 304(a).) Tam O'Shanter contends that its third-party complaint stated a viable cause of action and that the trial court abused its discretion in refusing to allow amendment thereof.

We affirm.

This litigation was precipitated by the personal injury complaint filed by Donald Peterson in November 1975 in which he alleged that he was a member who paid his fees to Tam O'Shanter[1]. He was playing tennis on one of Tam O'Shanter's indoor courts in September 1974 when he ran into a wall and injured himself. Peterson averred that the danger of striking the concrete wall was concealed by a canvas backdrop which was placed in such a way that the wall on one side was farther from the backdrop than the wall on the other side, thereby misleading the players as to the distance of the wall. There was also a general allegation that Tam O'Shanter failed to "design, arrange, maintain or operate" the premises in a reasonably safe manner.

In January 1979 by leave of court Tam O'Shanter was allowed to file its third-party complaint. Tam O'Shanter alleged that Velo had constucted an unsafe building[2] and that Putterman, who was hired by Tam O'Shanter, negligently located and installed the backdrops in question. The third-party complaint characterized Tam O'Shanter's allegedly culpable misconduct as acts of a passive and secondary nature, while those of Velo and Putterman were active and primary to the alleged improper conduct giving rise to Peterson's claim for personal injuries. On June 4, 1979, the trial court dismissed the third-party complaint against Velo and Putterman and denied Tam O'Shanter leave to amend, noting the age of the case.

■■■ An action for implied indemnity exists when there is a qualitative distinction in the wrongdoers' conduct. A third-party plaintiff, whose misconduct is passive, may be indemnified against a third-party defendant whose improper conduct causing the injury was active in nature. (*Harris v. Algonquin Ready Mix, Inc.* (1974), 59 Ill. 2d 445, 449, 322 N.E.2d 58.) The misconduct of the third-party plaintiff will be deemed passive if it appears that party has not breached an affirmative duty to the plaintiff in the underlying action. (*Crum v. Gulf Oil Corp.* (1979), 70 Ill. App. 3d 897, 901, 388 N.E.2d 1008.) However, where the improper conduct of both third parties is deemed active, indemnity is not permitted. (*Zizzo v. Ben Pekin Corp.* (1979), 79 Ill. App. 3d 386, 398 N.E.2d

---

[1] Tam O'Shanter admitted in its answer that Peterson had paid his fees.

[2] The building was designed by an out-of-State architect, Alex Kaufmann, who was also named as a third-party defendant. The record does not show the disposition of the action against the architect.

382.) Thus it is incumbent upon the third-party plaintiff to allege its misconduct, if any, is passive. (*Rome v. Commonwealth Edison Co.* (1980), 81 Ill. App. 3d 776, 781, 401 N.E.2d 1032.) In evaluating the sufficiency of a third-party complaint for implied indemnity the complaint should not be dismissed unless the third-party plaintiff would have no right of recovery against the third-party defendant. *Badorski v. Commonwealth Edison Co.* (1980), 89 Ill. App. 3d 494, 411 N.E.2d 924.

Tam O'Shanter concedes that as the owner of the tennis courts it may have had a duty to maintain the premises in a reasonably safe condition for its patrons. However, Tam O'Shanter asserts Velo constructed the building and Putterman installed the canvas backdrops which, in effect, principally caused the alleged injury of Peterson; accordingly, Tam O'Shanter concludes that the third-party complaint should not have been dismissed because it shows the possibility of recovery.

Principal reliance is placed on *Manley v. Tri-City Grocery Co.* (1973), 13 Ill. App. 3d 374, 299 N.E.2d 806, wherein the Fifth District Appellate Court reversed the dismissal of a third-party complaint. There the third-party plaintiff owned a supermarket and a patron tripped over an elevated strip in the parking lot which the third-party defendant had constructed. Without clear elucidation of its reasoning the appellate court remanded the matter with directions to have the third-party defendant file its answer. We do not believe that *Manley* is controlling in this case.

■■ There is no question that Peterson was an invitee to Tam O'Shanter's premises. As such, Tam O'Shanter owed him a duty of reasonable care to keep the premises in a safe condition (*Barmore v. Elmore* (1980), 83 Ill. App. 3d 1056, 1059, 403 N.E.2d 1355), and to exercise care to discover and alleviate any unreasonable risks to its invitee which he might not discover, realize the danger of or protect himself against. (*Fancil v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 328 N.E.2d 538.) We therefore conclude that, if found liable in the Peterson action, Tam O'Shanter's liability would be based on a breach of its affirmative duty to him. Consequently, we do not believe that implied indemnity is permissible, and we conclude that dismissal of the third-party action was proper.

■■ Further, we do not believe that the trial court erred in denying leave to amend the third-party complaint. The record does not show the focus of any purported amendment by Tam O'Shanter, nor has it advanced the basis for such amendment to this court. We do not see any error in the trial court's action under the facts presented. See *Flannery v. Marathon Oil Co.* (1979), 75 Ill. App. 3d 690, 694, 394 N.E.2d 706.

The judgment of the circuit court is affirmed.

Affirmed.

JOHNSON and JIGANTI, JJ., concur.