WILLIAM DONALDSON, Plaintiff, *v.* HOLY FAMILY HOSPITAL *et al.,* Defendants.—(J. S. ADAMS COMPANY, Third-Party Plaintiff-Appellant, *v.* EMPIRE ROOFING COMPANY, Third-Party Defendant-Appellee.)

First District (4th Division)    No. 79-2330

Opinion filed March 12, 1981.

Galliani & Kuzel, Ltd., of Chicago (William R. Galliani, of counsel), for appellant.

O'Brien, Redding & Hyde, of Chicago (James M. Redding, of counsel), for appellee.

Mr. JUSTICE LINN delivered the opinion of the court:

Appellant, J. S. Adams Company (Adams), appeals from an order of the circuit court of Cook County dismissing, with prejudice, its third-

party amended complaint for indemnification against Empire Roofing Company (Empire).[1]

On appeal, Adams contends: (1) the trial court erred in dismissing, with prejudice, its third amended complaint for failure to state a cause of action; and (2) the trial court erred by denying Adams leave to file a fourth amended complaint.

We affirm.

Plaintiff, William Donaldson, an employee of Empire, instituted a negligence action against various defendants, including Adams. The complaint charged that as a result of Adams' negligence, plaintiff stepped into a hole in the basement floor of a building which was being constructed by the various defendants. The complaint also alleged that Adams, who functioned as the general contractor for construction of the building, committed the following acts or omissions:

"(a) Carelessly and negligently failed to provide a safe place for the Plaintiff, WILLIAM DONALDSON, to work;

(b) Carelessly and negligently failed to inspect the basement to determine its safety and condition;

(c) Carelessly and negligently failed to provide the Plaintiff, WILLIAM DONALDSON, with a safe way to get building materials into the basement;

(d) Carelessly and negligently failed to provide adequate lighting in the basement of said construction site;

(e) Carelessly and negligently failed to determine that said basement was adequately illuminated;

(f) Carelessly and negligently failed to warn the Plaintiff, WILLIAM DONALDSON, of the dangerous and unsafe condition of the basement;

(g) Carelessly and negligently failed to conduct adequate and timely inspections of the construction work;

(h) Carelessly and negligently failed to supervise the construction work in progress;

(i) Carelessly and negligently failed to cover holes that were created in the basement floor of the building under construction."

Plaintiff asserted that the above acts or omissions were the proximate cause of his fall and consequent injury.

Adams filed an answer denying these allegations of negligence and a third-party complaint against Empire, the plaintiff's employer. The third-party complaint was stricken and thereafter amended four times. The third amended third-party complaint alleged that Adams, as general

---

[1] The third-party controversy arises from a personal injury action instituted by William Donaldson against various defendants. The complaint charged Adams with negligence. Adams seeks implied, not contractual, indemnity from Empire, the plaintiff's employer.

contractor, entered into a construction contract with Empire "whereby Empire agreed to perform waterproofing to certain areas." Further, the complaint averred that Adams did not perform or supervise the waterproofing work and, if Adams was found liable to the plaintiff, Empire's employee, "it [would] be liability imposed under its duties, as a General Contractor, to inspect the work in progress and its failure to discover a dangerous condition created or a dangerous method of work employed by Empire * * *." The third amended third-party complaint also charged the following:

> "[If Adams was liable it was due] to the major fault [of Empire] whose conduct was the primary and significant cause of the alleged injuries in that it created the dangerous condition which proximately caused the plaintiff's injuries as follows:
>> (a) Failed to assign a sufficient number of its available personnel, then and there on the site, to the performance of the particular task;
>> (b) Failed to provide the plaintiff with competent assistance in the performance of the particular task;
>> (c) Failed to cover, barricade or otherwise protect their employees from hazards arising from presence of depressions or holes in the area to be waterproofed."

Empire moved to dismiss the third amended third-party complaint on the grounds that the plaintiff's complaint charged Adams with active and primary negligence and that Adams' third amended third-party complaint failed to allege that Empire created the condition which caused the plaintiff's injury. The motion also referred to plaintiff's discovery deposition, where plaintiff stated he was injured when he stepped into a hole or depression in the basement floor while he was unloading boards through a window in the basement area. The plaintiff also asserted that Adams' superintendent selected the site where Empire would unload the material to be used in waterproofing and the superintendent directed or knew that the material would be brought into the basement area through a window.

The trial court granted Empire's motion to dismiss, with prejudice, the third amended third-party complaint on the grounds that it failed to state a cause of action for implied indemnity. This appeal followed.

OPINION

I

Adams first contends the trial court erred in dismissing his third amended third-party complaint because the complaint at issue stated a cause of action for indemnity. We disagree.

■■■ Third-party indemnity is allowed to a tortfeasor whose misconduct

is passive in comparison to the misconduct of another tortfeasor whose wrongdoing can be characterized as active and the primary cause of the plaintiff's injuries. (*Peterson v. Tam O'Shanter Raquet Club, Inc.* (1980), 90 Ill. App. 3d 1029, 414 N.E.2d 181; *Harris v. Algonquin Ready Mix, Inc.* (1974), 59 Ill. 2d 445, 322 N.E.2d 58.) The misconduct of the third-party plaintiff will be deemed passive if it appears that party has not breached an affirmative duty to the plaintiff in the underlying action. (*Peterson v. Tam O'Shanter Raquet Club, Inc.* (1980), 90 Ill. App. 3d 1029, 414 N.E.2d 181; *Crum v. Gulf Oil Corp.* (1979), 70 Ill. App. 3d 897, 388 N.E.2d 1008.) Where, however, the improper conduct of both third-parties is deemed active—that is, there is no qualitative distinction between the two tortfeasors' acts of misconduct—indemnity is not permitted. (*Zizzo v. Ben Pekin Corp.* (1979), 79 Ill. App. 3d 386, 398 N.E.2d 382. See also *Carver v. Grossman* (1973), 55 Ill. 2d 507, 305 N.E.2d 161.) A third-party complaint should not be dismissed, however, unless it appears from the pleadings that the third-party plaintiff would have no right of recovery against the third-party defendant. *Peterson v. Tam O'Shanter Raquet Club, Inc.; Badorski v. Commonwealth Edison Co.* (1980), 89 Ill. App. 3d 494, 411 N.E.2d 924.

Adams concedes that as general contractor for construction of the building it had a duty to supervise the work, but Adams characterizes this duty as a general duty to coordinate and supervise. In contrast to this duty, Adams describes Empire's duty as a specific duty to supervise the actual waterproofing work involved. Relying on *McInerney v. Hasbrook Construction Co.* (1975), 62 Ill. 2d 93, 338 N.E.2d 868, Adams concludes that the complaint at issue asserts a qualitative distinction between the alleged negligence of Adams and Empire. In *McInerney v. Hasbrook*, however, the subcontractor supplied the ladder from which plaintiff fell and was injured. Since the general contractor had no right to stop the work or modify the method in which the work was done, the court concluded that the misconduct of the subcontractor and the general contractor could be considered qualitatively dissimilar. See also *Bloodsaw v. Corbetta Construction Co.* (1980), 86 Ill. App. 3d 52, 407 N.E.2d 876 (third-party complaint alleged subcontractor owned and supplied the forklift upon which the plaintiff was injured; subcontractor directly supervised and controlled plaintiff's use of the lift; and general contractor only had duty to inspect the lift, therefore, cause of action for indemnity stated); *Badorski v. Commonwealth Edison Co.* (1980), 89 Ill. App. 3d 494, 411 N.E.2d 924 (third-party complaint which alleged owner's violation of structural work act or negligence arose solely from duty as owner to inspect the work site while employer's duty was to directly supervise the plaintiff and provide safety devices to prevent plaintiff from falling from the scaffold stated cause of action for indemnity).

Here, however, the third-party complaint does not allege that Empire created, supplied, or had control over the holes in the basement floor into which plaintiff fell. Rather, Adams alleges that if it is liable to plaintiff it is only because of a violation to inspect the work in progress "and [Adams] failure to discover a dangerous condition created or a dangerous method of work Empire employed." The specific allegation of negligence is that Empire failed to cover the holes in the basement floor. This is the same misconduct which plaintiff alleged of Adams. We are unable to determine what, if any, qualitative difference exists between Empire's and Adams' alleged acts of negligence.

■■ In our opinion, a review of the complaint and third amended third-party complaint discloses that both Adams and Empire are charged with a breach of an almost identical affirmative duty to the plaintiff. If Adams is found liable to plaintiff, this liability could be based on a breach of its alleged affirmative duty to plaintiff. Consequently, we do not believe that implied indemnity is permissible here, and we conclude that dismissal of the third-party action was proper. *Peterson v. Tam O'Shanter Raquet Club, Inc.* (1980), 90 Ill. App. 3d 1029, 414 N.E.2d 181.

## II

■■ Adams next contends the trial court erred in denying leave to amend its third amended third-party complaint. The record does not show the focus of any proposed amendment, nor has Adams advanced the basis for such an amendment to this court. Moreover, Adams already had four chances to set forth its cause of action. Accordingly, we conclude that the trial court did not abuse its discretion in denying Adams leave to amend its third amended third-party complaint. *Peterson v. Tam O'Shanter Raquet Club, Inc.* (1980), 90 Ill. App. 3d 1029, 414 N.E.2d 181; cf. *Chesterfield Sewer & Water, Inc. v. Citizens Insurance Co.* (1965), 57 Ill. App. 2d 90, 207 N.E.2d 84.

For the reasons noted, the order of the circuit court of Cook County dismissing, with prejudice, Adams' third amended third-party complaint is affirmed.

Affirmed.

JOHNSON and JIGANTI, JJ., concur.