**Sherman House Hotel Company, Defendant in Error, v. Butler Street Foundry & Iron Company, Plaintiff in Error.**

### Gen. No. 16,213.

1. RES JUDICATA—*when judgment not.* In "an action over" by a defendant who has paid a judgment rendered in an action for personal injuries, such judgment is not *res judicata* as to the liability of the defendant in the "action over," notwithstanding it may have been a party in the original cause, it appearing that in the original cause the question of liability as between the defendants was not determined.

2. STATUTE OF LIMITATIONS—*when two year period inapplicable.* An action of the kind indicated in the preceding paragraph of syllabus need not be brought within two years. The five year period applies.

Error to the Municipal Court of Chicago; the Hon. JOHN H. HUME, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed March 28, 1912. Rehearing denied April 11, 1912.

CASTLE, WILLIAMS, LONG & CASTLE, for plaintiff in error.

550    Appellate Courts of Illinois.

Sherman House Hotel Co. v. Butler St. F. & I. Co., 168 Ill. App. 549.

Felsenthal, Foreman & Beckwith, for defendant in error.

Mr. Justice Gridley delivered the opinion of the court.

This suit is a so-called "action over," brought by the Sherman House Hotel Company, a corporation, hereinafter referred to as the hotel company, against the Butler Street Foundry & Iron Company, a corporation, hereinafter referred to as the iron company, to enforce, as it is claimed, the ultimate liability of the iron company for its negligence while in the employ of the hotel company, which negligence caused an injury to Charles P. Gallagher, who recovered a judgment for $750 against the hotel company in the Superior Court of Cook county, and which judgment, after an affirmance thereof on appeal, the hotel company paid. In this present suit the hotel company recovered a judgment, October 27, 1909, against the iron company, in the Municipal Court of Chicago, for $927.60, to reverse which this writ of error is prosecuted.

On June 11, 1903, the hotel company was in possession of and operating the Sherman House, located on the northwest corner of Randolph and Clark streets, Chicago, and had employed the iron company to remove an iron balcony, which was old, rusty and full of holes, and which extended about twenty feet on Randolph street and about the same distance on Clark street, and was about twenty feet above the sidewalk. About noon of said day, and while the employes of the iron company were at work at the balcony on the Randolph street side of the hotel, and while the said Gallagher was walking south on the west side of Clark street just north of Randolph street, he was hit on the head by a triangular piece of iron, which fell from the balcony, and was injured. In August, 1903, Gallagher brought suit in said Superior Court against both the hotel company and the iron company charg-

ing them with negligently permitting the work to be carried on without providing any reasonable covering to prevent portions of said balcony from falling. Each defendant in said suit by separate counsel, filed a plea of not guilty. In May, 1905, the case was tried, and at the conclusion of all the evidence the court directed the jury to find the iron company not guilty, which it did, and the jury also returned a verdict against the hotel company for $750, and judgment was entered on the verdict. On appeal said judgment was in December, 1906, affirmed by this court (Sherman House Hotel Co. v. Gallagher, 129 Ill. App. 557). In its opinion, this court said, in substance, that it appeared from the evidence that the iron company was not an independent contractor, that the relation of the hotel company to the iron company was merely that of employer and employe, that there was no special agreement as to price, but the hotel company was to pay a reasonable price for the work done, that the hotel company did not surrender control of the premises, or any part thereof, to the iron company, and that it had the power to direct the iron company to erect barriers upon the sidewalk or to place a protecting cover over the sidewalk underneath the balcony, or was at liberty to do this itself; that the removal of heavy material from the front of a building standing close up to the sidewalk of a crowded city street, without any barrier to prevent persons from passing under the work, or any protection against material always likely to fall when such work is being done, was inherently dangerous, no matter how skillfully done, and that the hotel company, authorizing the iron company to make such removal, was to be justly regarded as the author of the injury to Gallagher, and liable *to Gallagher* therefor, whether the iron company was an independent contractor or merely an employe of the hotel company.

In the case now before us, counsel for the hotel com-

552     APPELLATE COURTS OF ILLINOIS.

Sherman House Hotel Co. v. Butler St. F. & I. Co., 168 Ill. App. 549.

pany contends that, inasmuch as the relation of the hotel company to the iron company is admittedly that of employer and employe, or master and servant, the judgment of the Municipal Court should be affirmed, because, where the negligent act or omission of a servant in and about his master's business has caused the master to respond in damages to a third person, the servant is liable to the master for whatever the master has been obliged to pay. To this statement of the law counsel for the iron company does not object, but argues that the judgment of the Superior Court, affirmed by this court, in the above mentioned Gallagher case, in which the parties to this present suit were co-defendants, is *res adjudicata,* and that the iron company, the employe, was therein acquitted of negligence towards Gallagher, and cannot now be held guilty of negligence in the same work in an action by the hotel company, the employer.

Counsel for the hotel company further contends that the proximate cause of the injury was the failure of the iron company, the employe, to provide a sufficient scaffolding, hood or other protective device to prevent materials from falling down upon persons passing on the sidewalk, which protective device it was the duty of the iron company, as shown by the evidence, to provide.

After a careful review of the evidence we are of the opinion that the lack of such a protective device caused the injury, which it was the duty of the iron company, under its arrangement with the hotel company, to have erected, and that the fact that the hotel company was chargeable with this duty *as to Gallagher,* and could not escape liability *to Gallagher* by employing another to do the work, does not affect the ultimate liability of the iron company for the injury to the hotel company.

Counsel for the iron company, to support his *res adjudicata* contention cites the case of Kansas City v.

Mitchener, 85 Mo. App. 36. In this case, it appeared that a Mrs. Ryan had sustained a personal injury by falling upon a defective sidewalk in Kansas City. She sued the city and Mitchener, the abutting property owner, jointly, and recovered a judgment against the city, but the finding and judgment were in favor of Mitchener. The city paid the judgment, and sued Mitchener to recover what it had paid, on the ground that Mitchener was primarily liable for the injury resulting from the defective sidewalk. The court held that the judgment in favor of Mitchener in the former suit was *res adjudicata,* and that the city could not recover. It appears from the opinion of the court that, when the former suit against Mitchener and the city, jointly, was on trial, "the city by course of conduct at the trial endeavored to show that Mitchener was liable and he endeavored to show that he was not, while Mrs. Ryan endeavored to show that both of them were". In other words, in the former trial in the Mitchener case, the court, presumably because of the state of the pleadings and the code practice obtaining in Missouri, allowed the question as to which of the defendants—the city or Mitchener—as between themselves, were liable to Mrs. Ryan, or whether both were liable, to be litigated, and it found that the city alone was liable. In the former trial of this Gallagher case no such questions were in issue under the pleadings. The declaration in that case charged that both the hotel company and the iron company were liable *to Gallagher,* and it appears that on the trial of that case the iron company, at the conclusion of plaintiff's evidence, moved the trial court to take the case from the jury as to it, but that the court reserved its ruling thereon until the hotel company had put in its defense, and that when this had been done, and the hotel company had rested its case, the court sustained said motion of the iron company—the iron company having introduced no evidence,—and directed the jury to find

554    APPELLATE COURTS OF ILLINOIS.

Sherman House Hotel Co. v. Butler St. F. & I. Co., 168 Ill. App. 549.

the iron company not guilty. It, therefore, clearly appears that the question as to which one of the two defendants—the iron company or the hotel company— was liable for the injury, *as between themselves,* was not determined. The determination solely was that the hotel company was liable *to Gallagher.* "A judgment for or against two or more joint parties ordinarily determines nothing as to their respective rights and liabilities, as against each other, in their own subsequent controversy." (2 Black on Judgments, Sec. 599) "The estoppel is raised only between those who were adverse parties in the former suit, so that the judgment therein settles nothing as to the relative rights or liabilities of the co-defendants, *inter sese.*" (23 Cyc., 1279.)

Counsel for the iron company also urges that, inasmuch as the present suit was commenced more than two years after the happening of the injury to Gallagher, it is barred by the statute of limitations, which provides that "actions for damages for an injury to the person * * * shall be commenced within two years next after the cause of action accrued." This is not an action brought by a person to recover damages for an injury sustained by him, and we do not think the statute applies. Waller v. City of Chicago, 11 Ill. App. 209; Hazell v. Shelby, 11 Ill. 9.

For the reasons indicated the judgment of the Municipal Court is affirmed. This conclusion renders it unnecessary for us to pass upon the written motion of defendant in error, filed May 31, 1911, to affirm the judgment for reasons therein mentioned.

*Judgment affirmed.*