TIFFINY DECORATING COMPANY, Plaintiff-Appellee, *v.* GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION, LIMITED, Defendant-Appellant.

(No. 57315;

First District (4th Division)—June 13, 1973.

598

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, (D. Kendall Griffith, of counsel,) for appellant.

Ruttenberg & Ruttenberg, of Chicago, (Marvin H. Ruttenberg, of counsel,) for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff filed a declaratory judgment action against the defendant, by which plaintiff sought a declaration that it was covered under a combined comprehensive liability policy issued by defendant for the subject matter of a third party action brought against it by Filmore Construction Company, and that the defendant should have undertaken the defense of the third party action for plaintiff under that policy. Plaintiff also sought judgment in the amount of the attorney's fees which it paid to protect itself from any potential liability over and above the insurance coverage of $100,000 provided under a workman's compensation and employer's liability policy issued by defendant and under which defendant defended the third party action for plaintiff. Both parties waived trial by jury and the case was submitted to the court on a stipulation of facts. The circuit court of Cook County entered judgment in favor of the plaintiff and the defendant appeals.

Filmore Construction Company subcontracted certain painting and decorating jobs to Tiffiny on March 19, 1966, and told Tiffiny that because scaffolding was going to be used, it required a Certificate of Insurance for scaffolding, to be issued before Tiffiny could start. Tiffiny said it had such insurance, and requested defendant's issuance of a Certificate of Insurance to Filmore. On January 19, 1966, defendant issued to Tiffiny its combined comprehensive liability policy, limited to $250,000, and also its workman's compensation and employer's liability policy, limited to $100,000. The policies were to run until January 19, 1967. On March 18, 1966, defendant issued a Certificate of Insurance to Filmore, and Tiffiny started work.

On November 15, 1966, while Tiffiny was still working as subcontractor to Filmore at Accurate Threaded Fasteners, 3550 West Pratt, Lincolnwood, one of Tiffiny's employees, Alexander M. Hair, while in the course of his employment, fell from a scaffold and was injured. Hair filed a personal injury suit under the Structural Work Act of Illinois, naming Filmore, the owner, and an architect as defendants. Filmore filed a third party complaint against Tiffiny seeking indemnity based on two theories:

The active-passive theory, and breach of implied obligation to perform its work in a good, safe and workmanlike manner.

When Tiffiny was served, it tendered its defense to defendant herein. Defendant accepted the defense under the workman's compensation and employer's liability policy, but stated that because the policy was only for $100,000 and the suit was for $200,000, defendant would only indemnify up to $100,000. Defendant refused to accept the defense under the combined comprehensive liability policy. Tiffiny then retained the law firm of Ruttenberg and Ruttenberg after defendant refused to accept liability under the combined comprehensive liability policy.

■■ There is a line of cases in Illinois which holds generally that an insurer is bound to defend its insured when the allegations of the injury complaint bring the claim potentially within the coverage of the policy; or, in other words, the injury complaint must show on its face that there is no coverage before an insurance carrier can safely refuse to defend. *Wheeler v. Aetna Casualty and Surety Co.*, (1st Dist.) No. 57607, May Term, 1973; *Sims v. Illinois Nat. Casualty Co. of Springfield*, 43 Ill.App. 2d 184, 193 N.E.2d 123 (3rd Dist., 1963); *McFadyen v. North River Insurance Co.*, 62 Ill.App.2d 164, 209 N.E.2d 833 (2nd Dist., 1965).

■■ By its unjustified refusal to defend an action against the insured, a liability insurer becomes subject to the following new and positive obligations: (1) liability for the amount of the judgment rendered against the insured or of the settlement made by him; (2) liability for the expenses incurred by the insured in defending the suit; (3) liability for any additional damage traceable to its refusal to defend. 43 Ill.App.2d 184, 193 N.E.2d 123 (3rd Dist., 1963).

On August 27, 1970, the personal injury suit brought by Hair against Filmore was settled. The defendant insurance company (General Accident) paid the entire settlement. The suit by Hair and the third party complaint by Filmore against Tiffiny were both dismissed.

This suit by Tiffiny is for $1,260, the amount of the attorney's fees billed to the plaintiff, Tiffiny, by the firm of Ruttenberg and Ruttenberg.

The issue presented for review is whether the combined comprehensive liability policy issued by defendant to plaintiff, affords coverage to plaintiff for the indemnity action filed against it by Filmore. Defendant contends the policy provided no coverage because plaintiff did not by contract assume the liability of Filmore. The pertinent portions of the policy provided:

> "Coverage B—Bodily Injury Liability—Except Automobile  To pay on behalf of insured all sums which the insured shall become legally obligated to pay or the liability of others assumed by him under contract for damages, including damages for care and loss

of services because of bodily injury, sickness or disease, including death at any time resulting therefrom sustained by any person or persons."

By the terms of exclusion (g), the policy does not apply:

"Under Coverage B, except with respect to liability of others assumed by the insured, under contract, to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of his employment by the insured."

Defendant argues that under Coverage B, two risks are incurred: (1) those which the insured shall become legally obligated to pay because of bodily injury, and (2) the liability of others assumed by it under contract for damages because of bodily injury. Exclusion (g) says that the coverage under B does not apply if the bodily injury is to an employee of the insured unless the insured assumed by contract the liability of others for such bodily injury to an employee. Defendant claims that the third party action by Filmore retains the characteristics of plaintiff's suit against Filmore and constitutes a suit to recover for bodily injury to an employee of the insured. Thus, under exclusion (g), the first risk covered by B does not apply, nor does the second risk because plaintiff did not assume the liability of Filmore under contract. The liability of plaintiff to Filmore is not founded in any indemnification agreement, but based upon theories of active-passive negligence and an implied obligation to perform the work in a good, safe and workmanlike manner, neither of which is founded upon an express indemnity.

■■ Defendant's argument and its rationale are contrary to the law of Illinois. It is settled in Illinois that a right to indemnity, absent an express contractual undertaking, may be implied from the terms of the contract governing job responsibility or from the relationship of the parties to the particular work being done at the time the injuries were received. It has also been held that even though there was no clear and express stipulation in the contract assuming indemnification, same did exist under the contract even absent such express provision. Thus, the right to indemnification may arise either by reason of contract or by reason of common-law indemnity principles. *Parsons v. Kuhne-Simmons & Co.* (1966), 76 Ill.App.2d 121, 123, 221 N.E.2d 168.

■■ The facts have lead to the result that there was an indemnity contract between Filmore and Tiffiny. The proposal bid to Filmore from Tiffiny was dated March 17, 1966. The Certificate of Insurance which Filmore required before Tiffiny could start the job was dated March 18, 1966, and Filmore accepted Tiffiny's bid the next day. The whole employment relationship between Filmore and Tiffiny rested upon Tiffiny's assumption of Filmore's liability. It is defendant's contention, however,

that because the second count of the third party action was based upon active-passive negligence theory, Tiffiny's liability to Filmore is by operation of law and, thus, not covered by the policy. Notwithstanding the truth of that position, the first count of the third party action is based upon a breach of an implied obligation to perform the work in a good, safe and workmanlike manner. The law in Illinois recognizes an implied contract of indemnity which is separate and apart from indemnity arising out of active-passive negligence. (*Reynolds v. Illinois Bell Tel. Co.* (1964), 51 Ill.App.2d 334, 337, 201 N.E.2d 322.) Defendant argues that even so, this is not a basis for coverage under the policy because it was not an express assumption of liability by Tiffiny. One look at the policy, however, shows that it does not require an express written agreement and mentions only the word *contract* with no modifiers. The lower court held that because the policy did not mention written contracts, defendant cannot now claim that is what it meant. It is a fundamental rule of construction that any lack of clearness in meaning of such a contract is the responsibility of the insurer, and that construction will be adopted which favors the insured and resolves uncertainty in his favor. (*State Farm Fire & Casualty Co. v. MacDonald* (1967), 87 Ill.App.2d. 15, 230 N.E.2d 513.) Here, there is not even any uncertainty about it. The policy merely states the word *contract*, and the defendant will not be allowed to contend, after a loss has occurred, that only written contracts were intended by its language.

The defendant, in its reply brief, admits that plaintiff took out two distinct policies. One was the workman's compensation and employer's liability policy, which covered all liability arising out of injury to an employee, except that assumed by the insured under any contract or agreement. The other was the combined comprehensive policy which did not cover any liability arising out of injury to an employee, except where insured had assumed under contract another's liability for such injury. In its reply brief, defendant correctly concludes that "the two policies dovetail and cover all claims for either express or implied indemnity arising out of injury to an employee."

For the reasons above and the admissions of the defendant, we conclude that there existed an indemnity contract betwen Filmore and plaintiff, which was covered by defendant's combined comprehensive liability policy.

■■■■ The trial court properly entered judgment for the plaintiff.

For the above reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

ADESKO and DIERINGER, JJ., concur.