OZARK AIRLINES, INC., Plaintiff-Appellant, *v.* FAIRCHILD-HILLER CORPORATION, Defendant-Appellee.

First District (4th Division)    No. 62566

Opinion filed May 10, 1979.—Rehearing denied June 1, 1979.

McBreen & Tobin and William J. Harte, Ltd., both of Chicago (Peter J. McBreen, William J. Harte, and Kevin M. Forde, of counsel), for appellant.

Peterson, Ross, Rall, Barber & Seidel, of Chicago (Irving G. Swenson and Michael M. Lane, of counsel), for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Ozark Airlines, Inc. (hereinafter Ozark), filed an action in the circuit court of Cook County against defendant, Fairchild-Hiller Corporation (hereinafter Fairchild), to recover damages for one of plaintiff's aircraft and for an amount required to settle a lawsuit brought by a passenger against plaintiff. Defendant's motion to dismiss plaintiff's complaint was sustained by the trial court, and plaintiff appeals that dismissal. We reverse and remand this cause to the trial court for further proceedings.

In 1958, Ozark entered into an agreement with Fairchild, an aircraft manufacturer, to purchase three airplanes, one of which is the subject of this litigation. The aircraft involved in this dispute was delivered to plaintiff in July 1959. On November 16, 1966, at O'Hare Airport, Chicago, Illinois, while the aircraft was taxiing from the loading gate, the landing gear (nose wheel and two main gears) retracted and the aircraft collapsed. One passenger, William R. Darragh, suffered personal injuries

and the airplane sustained extensive damage. Following the accident, Ozark traded in the damaged airplane to Fairchild, and the cost of repairs, $172,332.06, was deducted from the aircraft's trade-in value. Darragh filed an action on May 25, 1967, against Ozark in the United States District Court to recover for the injuries he sustained. On July 23, 1968, Ozark filed a third-party action against Fairchild to recover for any judgment entered against it in favor of Darragh. The airline sought to be indemnified on the theory that Fairchild was the primary cause of Darragh's injury while Ozark's role was merely secondary, *i.e.*, active-passive negligence. On May 27, 1970, Ozark negotiated a settlement with Darragh for $60,000. A year later, May 27, 1971, Ozark filed the present action against Fairchild to recover damages incurred as a result of the November 14, 1966, accident. Counts I, II and III of the complaint seek indemnity from Fairchild for the $60,000 paid to Darragh for his injuries. Counts IV, V and VI seek to recover $172,332.06 for the property damage to the airplane. The theories of recovery are negligence, breach of warranty (express and implied), and strict liability.

It is plaintiff's principal contention that defendant was aware of the propensity of the aircraft in question to have landing gear failure and defendant failed to warn plaintiff of this hazard.

The two issues we will consider are (1) whether Ozark's cause of action is barred by the applicable statute of limitations and (2) whether the provisions of the warranty article and exculpatory clause in the contract of sale provide the exclusive remedy for Ozark in the event of a defective aircraft and insulate Fairchild from any other liability.

■■ First, we consider the applicable statute of limitations on the question of indemnity. Fairchild argues that the suit is barred by a 5-year statute of limitations (Ill. Rev. Stat. 1975, ch. 83, par. 16), since the relationship of the parties is contractual in nature and the cause of action accrued on the date of delivery of the aircraft, July 16, 1959. Ozark argues that the indemnity cause of action did not accrue until the settlement of Darragh's personal injury suit on May 27, 1970, and, thus, is not barred by the statute of limitations. Ozark's argument is well taken.

In *Klatt v. Commonwealth Edison Co.* (1964), 55 Ill. App. 2d 120, 136, 204 N.E.2d 319, 328, *rev'd on other grounds* (1965), 33 Ill. 2d 481, the court found that ordinarily an indemnitee's cause of action does not accrue until after the claim has been paid but he may seek indemnity on the basis of a possible liability. In either event, the cause of action does not ripen until after the happening of the thing to be indemnified against.

Fairchild deems critical to its statute of limitations argument that plaintiff's tort action arises from a contractual obligation. Defendant's position is based on the holding in *Aetna Life & Casualty Co. v. Sal E. Lobianco & Son Co., Inc.* (1976), 43 Ill. App. 3d 765, 357 N.E.2d 621, *aff'd*

(1977), 69 Ill. 2d 126, 370 N.E.2d 804. In *Aetna,* at page 768, the court held that a cause of action accrues on the date of injury when the action is one purely in tort, but a different rule applies when the tort action arises from a contractual obligation. In other words, Fairchild attempts to distinguish *Klatt,* on which plaintiff relies, on the ground that there was no contractual relationship in *Klatt,* whereas in the instant case a contractual relationship existed. Plaintiff responds adequately by citing *Mack Trucks, Inc. v. Bendix-Westinghouse Automotive Air Brake Co.* (3d Cir. 1966), 372 F.2d 18, *cert. denied* (1967), 387 U.S. 930, 18 L. Ed. 2d 992, 87 S. Ct. 2053, a case where a contractual relationship existed. In *Mack Trucks,* at page 20, the court held "the cause arises when the plaintiff sustains the loss for which he can claim indemnification." Additionally, plaintiff argues, and we agree, that the nature of Ozark's action is not based on any express promise in the contract for indemnification. The contract merely provides the relationship out of which arises Ozark's right to seek indemnity. (See *Mack Trucks,* at 21.) Therefore, we find that Ozark's indemnity counts are not barred by the statute of limitations.

There is one additional assertion made by Fairchild which we must consider. Fairchild contends that the second three counts of Ozark's complaint which seek to recover the sum of $172,332.06 for the airplane damage are barred by the statute of limitations. The three counts were dismissed by the trial court for failure to file within the 5-year time limit specified by the statute of limitations, which states in pertinent part:

"[A]ctions * * * to recover damages for an injury done to property, real or personal * * * shall be commenced within 5 years next after the cause of action accrued." (Ill. Rev. Stat. 1975, ch. 83, par. 16.)

Fairchild's position is that Ozark's cause of action accrued at the time of the delivery of the defective airplane, July 16, 1959.

A cause of action based on a tort ripens when all the elements of the action are present, including a legal duty, the breach of that duty, and the injury resulting from such failure. (*West American Insurance Co. v. Sal E. Lobianco & Son Co.* (1977), 69 Ill. 2d 126, 129-30, 370 N.E.2d 804, 806; *McClure v. Hoopeston Gas & Electric Co.* (1922), 303 Ill. 89, 96, 135 N.E. 43, 46.) We cannot say that the requisite elements were present in 1959 when the airplane was delivered, but all three were present at the time the landing gear failed in November 1966. The suit was filed in May 1971. Therefore, we hold the action for damages to the airplane was brought within the statutory time limit.

Second, we consider the question regarding the warranty article and the exculpatory clause. The warranty article contained the following exculpatory provision:

"(e) The aforesaid warranties and seller's obligations and liabilities

thereunder are in lieu of, and Buyer hereby waives, all other warranties and all obligations and liabilities thereunder, express or implied, including all obligations and liabilities thereunder with respect to loss of use, revenue or profit, arising by law or otherwise, and said warranties may not be extended or altered except by an amendment of this Agreement authorized and executed as provided herein."

The question we must address is whether by the above clause plaintiff waived all liabilities and obligations under the entire contract or merely those liabilities referred to in the warranty article.

Fairchild asserts that the exculpatory clause bars prosecution of the instant action because under the clause it was agreed that repair and replacement would be the exclusive remedy for Ozark in the event of a defect in the aircraft. Ozark waived all other remedies.

Ozark argues that the exculpatory clause is not clear and comprehensive enough to bar Ozark's claim. It amounts to nothing more than a waiver of Fairchild's warranty liability except for those warranties expressly made in the contract.

Under the contract, the law of Maryland was selected for construction of the exculpatory clause in question. A strict construction of this clause (see *Eastern Ave. Corp. v. Hughes* (1962), 228 Md. 477, 479, 180 A.2d 486, 488) would lead us to agree with plaintiff. The clause provides that Fairchild's warranty obligations and liabilities are limited to those provided in the warranty article. Ozark waived all other warranties except those provided in the contract. It did not waive, on the other hand, all Fairchild's obligations and liabilities under the contract in its entirety. Ozark would thereby be limited to asserting warranty claims pursuant to the warranty rights provided. It is not barred, however, from asserting any other negligence and strict liability claims (as plaintiff suggests) since they were not provided for one way or the other in the exculpatory clause. We hold, therefore, that the exculpatory clause did not provide the exclusive remedy for Ozark and does not bar prosecution of this action.

Accordingly, this cause is reversed and remanded to the trial court for further proceedings not inconsistent with this opinion.

Reversed and remanded.

JIGANTI, P. J., and ROMITI, J., concur.