WILLIAM M. GIBBONS, Trustee, Plaintiff-Appellee, *v.* NALCO CHEMICAL COMPANY *et al.*, Defendants.—(RALSTON PURINA COMPANY, Defendant-Appellant.)

First District (1st Division)    No. 80-774

Opinion filed December 15, 1980.

John Cadwalader Menk, of John Cadwalader Menk & Associates, of Chicago, for appellant.

Alvin E. Domash, Patricia Foy Cross, and Hugh C. Griffin, all of Lord, Bissell & Brook, of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

A Chicago, Rock Island and Pacific Railroad employee was injured in June 1969 and brought suit against the Railroad under the Federal Employers Liability Act. The trial court entered judgment against the Railroad on January 27, 1971, and the appellate court affirmed that judgment on February 10, 1976, in *LeMaster v. Chicago Rock Island & Pacific R.R. Co.* (1976), 35 Ill. App. 3d 1001, 343 N.E.2d 65. On July 26, 1976, the Railroad paid the judgment. In February 1978, Railroad filed an indemnity action against Ralston Purina. Ralston filed a motion to dismiss the indemnity complaint urging that the indemnity action should be barred by estoppel. The trial court denied the motion and Ralston Purina sought leave to appeal under Supreme Court Rule 308. This court granted the petition.

We affirm.

Ralston Purina raises two issues on appeal: (1) whether the indemnitee Railroad is estopped from asserting its indemnity claim against indemnitor Ralston Purina and (2) whether the judgment in the *LeMaster* case rested on facts fatal to the present indemnity claim.

The Chicago, Rock Island and Pacific Railroad Company (Railroad) and Ralston Purina (Ralston) entered into a contractual agreement which set forth certain rights and duties with respect to Railroad's use of the tracks on Ralston's property. The agreement gave Railroad the right to maintain and operate its trains on the switch tracks located on Ralston's property. Ralston agreed to keep the portion of track located on its

premises "clean and clear of all rubbish, grass, weeds and trash." The paragraph of the agreement setting forth the indemnity obligations read as follows:

> "Except as herein otherwise provided, [Ralston] also agrees to indemnify and hold harmless the Railroad, its agents and employees, for loss, damage, or injury from any act or omission of [Ralston], its employees or agents, to the person or property of any other person or corporation, while on or about said track, and if any claim or liability other than from fire shall arise from the joint or concurring negligence of both parties hereto, it shall be born by them equally."

On June 9, 1969, a Railroad employee was injured on or about the tracks owned by Ralston and located on its property. The employee sued Railroad under the Federal Employers Liability Act (FELA) alleging that Railroad had breached its nondelegable duty to provide him with a safe place to work. After a lengthy trial, the jury returned a $1,000,000 verdict in favor of the employee and against Railroad on January 27, 1971. The appellate court affirmed the trial court judgment on February 10, 1976. (See *LeMaster v. Chicago Rock Island & Pacific R.R. Co.* (1976), 35 Ill. App. 3d 1001, 343 N.E.2d 65.) Railroad filed a petition for leave to appeal to the Illinois Supreme Court. Leave to appeal was denied. On July 26, 1976, Railroad paid the judgment plus interest.

Approximately 18 months later, on January 24, 1978, Railroad filed an indemnity action against Ralston and Nalco Chemical Company. The complaint alleged that acts and omissions on the part of Ralston, Nalco or both brought about the accident for which Railroad was found liable.

Ralston filed a motion to dismiss the indemnity complaint, claiming that the action against it should be barred by estoppel. The trial court denied Ralston's motion but certified the following question of law: "Under the facts set out, is the Railroad estopped to now assert its alleged indemnity claim against [Ralston]?" We granted Ralston's petition for leave to appeal.

First, we must determine whether the Railroad was guilty of laches in asserting the claim against Ralston nearly 9 years after the accident occurred.

■■ Laches is the "neglect or omission on the part of a complainant to assert a right, taken in conjunction with a lapse of time, and other circumstances causing prejudice to an adverse party, which will operate as a bar to pursue the claim in a court of chancery." (*Matchett v. Rose* (1976), 36 Ill. App. 3d 638, 650-51, 344 N.E.2d 770, 781; see *Freymark v. Handke* (1953), 415 Ill. 360, 114 N.E.2d 349.) The elements necessary to support a finding of laches are delay and prejudice. Whether the doctrine should be invoked is determined by the particular facts and circum-

stances of each case. See *Matchett v. Rose; Pyle v. Ferrell* (1958), 12 Ill. 2d 547, 147 N.E.2d 341.

■■ Ralston argues that it should have been brought in as a third-party defendant in the original suit between Railroad and the employee, or that it should have been notified of the pendency of the suit. Clearly, the decision of whether to bring in Ralston as a third-party defendant in the original action was within the Railroad's discretion. The purpose of section 25 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 25), governing third-party intervention, is to avoid a multiplicity of actions and a repetition of proof by permitting a determination of all claims in a single action. (*Marcus v. Green* (1973), 13 Ill. App. 3d 699, 300 N.E.2d 512.) This section does not require, however, that a party seek indemnity in the original action. The indemnitee has the option to wait until he is found liable and then file a third-party complaint. *Forty-Eight Insulations v. Johns-Manville Products* (N.D. Ill. 1979), 472 F. Supp. 393; *Security Insurance Co. v. Mato* (1973), 13 Ill. App. 3d 11, 298 N.E.2d 725.

In *Security Insurance*, the appellate court remanded an indemnity action for trial and expressly rejected a third-party defendant's estoppel argument. The appellate court held that "[t]he [third-party plaintiff], by exercising its right to wait until the determination of the original action before bringing the indemnity action, should not be held estopped." *Security Insurance Co. v. Mato* (1973), 13 Ill. App. 3d 11, 18, 298 N.E.2d 725, 731.

■■ Like the third-party plaintiff in *Security Insurance*, Railroad waited until after the resolution of the underlying dispute before bringing an action against the third-party defendant. Railroad's cause of action for indemnity did not occur until July 26, 1977, when the *LeMaster* judgment became final and was satisfied. (See *Ozark Airlines, Inc. v. Fairchild-Hiller Corp.* (1979), 71 Ill. App. 3d 637, 390 N.E.2d 444.) Railroad then filed an indemnity action eighteen months later on July 24, 1978, within the statute of limitations period. (See Ill. Rev. Stat. 1979, ch. 83, par. 17.) It is our opinion that this was not an unreasonable amount of time within which to file an indemnity action.

Ralston claims that it will be severely prejudiced if this action is not dismissed because it will be unable to marshall evidence in its defense nearly nine years after the accident which gave rise to the LeMaster suit. It is our opinion that the 2300-page record on appeal has adequately preserved the evidence and minimizes the prejudicial effect which Ralston alleges will result from the delay. Thus, we find that Railroad is not estopped from asserting its indemnity claim against Ralston.

Second, Ralston argues that the judgment in the *LeMaster* case rested on facts fatal to the Railroad's claim in the instant case. More specifically, Ralston urges that the evidence in the underlying action established as a

matter of law that the acts which caused the employee's injury were "solely those" of Railroad and is thus "fatal" to Railroad's right to indemnity under the contractual agreement.

■■ Clearly, Railroad is bound by all findings of fact in *LeMaster*. (See *Security Insurance Co. v. Mato* (1973), 13 Ill. App. 3d 11, 298 N.E.2d 725.) It is our opinion, however, that the *LeMaster* judgment did not rest on facts fatal to Railroad's indemnity action against Ralston.

In *LeMaster*, the employee testified that one of the reasons he slipped was that feed, grease, and other material located on Ralston's property had accumulated on his boots and made them slippery. The express provisions of the agreement between Railroad and Ralston provide that Ralston "covenants and agrees" to keep the portion of track located on its premises "clear and free of all rubbish, grass, weeds and trash * * *." The indemnity provision in the agreement provides that Ralston agrees to indemnify the Railroad for any injury to any person on or about the tracks, caused by an act or omission of Ralston.

Arguably, the employee's testimony in *LeMaster* established a basis upon which Ralston could have been found liable under the indemnity agreement if it had been brought in as a third party in the earlier suit. We find that no facts in *LeMaster* preclude Railroad's contractual indemnity action and the trial court correctly so ruled.

Railroad suggests that the trial court erred in limiting Railroad's claim for damages against Ralston based on the indemnity provision, "to one-half of eventual loss, if any, may be proved to have been sustained by plaintiffs." Since Railroad did not file a petition for leave to appeal and this was not the question certified for review, we decline to address the issue.

For the foregoing reasons, we affirm the order of the circuit court of Cook County.

Order affirmed.

GOLDBERG, P. J., and CAMPBELL, J., concur.