JERRY MAXFIELD, Plaintiff, *v.* PAUL E. SIMMONS, Defendant and Third-Party Plaintiff-Appellant.—(WALTER DeNEAL, d/b/a DeNeal Building Supply, *et al.*, Third-Party Defendants-Appellees.)

Fifth District    No. 81-108

Opinion filed June 14, 1982.

KARNS, P. J., concurring.
WELCH, J., dissenting.

Harris, Lambert and Wilson, of Marion, for appellant.

David W. Hauptmann, of Harrisburg, for appellees.

JUSTICE HARRISON delivered the opinion of the court:

Paul E. Simmons, the defendant and third-party plaintiff, appeals from an order of the circuit court of Saline County which dismissed with prejudice his amended third-party complaint against the third-party defendants Walter DeNeal, d/b/a DeNeal Building Supply, and Jesse B. Holt, Inc. ("Holt"). The trial court expressly found no just reason for delaying an appeal; hence we have jurisdiction of this appeal pursuant to Supreme Court Rule 304(a) (73 Ill. 2d R. 304(a)). The sole issue is whether the trial court properly dismissed the amended third-party complaint. We affirm.

■■ For the purposes of determining the sufficiency of a pleading all facts properly pleaded and all reasonable inferences which can be drawn from them are accepted as true. (See *Bray v. Illinois National Bank* (1976), 37 Ill. App. 3d 286, 290, 345 N.E.2d 503.) The amended third-party complaint alleged that Jerry Maxfield and Paul Simmons entered into a written agreement for the building of a home. Simmons built the home and used trusses purchased from Walter DeNeal, one of the third-party defendants, and which had been manufactured by Holt, the other third-party defendant. Subsequently, Maxfield sued Simmons, alleging that the roof of the house had buckled, damaging the interior ceiling. Maxfield's complaint, incorporated by reference in Simmons' third-party complaint, alleged only that Simmons breached the contract and not that he committed any tortious misconduct. Simmons' third-party complaint further asserted that in the event Simmons was liable to Maxfield, the liability would be due to "faulty and defective materials, including the trusses, which were sold by third-party defendant Walter DeNeal, * * * and designed, manufactured and sold by Jessie [*sic*] B. Holt, Inc. * * *." Simmons also contended that his potential liability would not be due to any fault of his own, but rather would solely be due to the fault of the third-party defendants. The third-party complaint concluded that Sim-

mons was entitled to be indemnified by either or both third-party defendants.

The trial court ordered the amended third-party complaint stricken and dismissed with prejudice on the ground that it showed no cause of action not barred by the statute of limitations in the Uniform Commercial Code (Ill. Rev. Stat. 1979, ch. 26, par. 2—725). An appellate court may affirm a judgment for reasons other than those advanced by the trial court (*Well v. Schoeneweis* (1981), 101 Ill. App. 3d 254, 258, 427 N.E.2d 1343); hence, we need not address the limitations issue as we conclude the pleading states no cause of action against the third-party defendants.

■■■ On appeal Simmons contends that his third-party action is one for breach of an implied indemnity contract. The potential liability of Simmons to Maxfield is founded on the contract between Maxfield and Simmons to build the house. Simmons' third-party complaint therefore seeks indemnification from DeNeal and Holt for Simmons' potential liability stemming from his alleged breach of the Maxfield-Simmons contract. "Our research discloses no authority * * * for the proposition that liability for breach of contract might entitle the wrongdoer to indemnity from a third party who was a stranger to the contract and had not contractually undertaken to indemnify the wrongdoer." (*Board of Education v. Joseph J. Duffy Co.* (1968), 97 Ill. App. 2d 158, 162, 240 N.E.2d 5.) "As the *Duffy* decision indicates, a stranger to a contract between two parties cannot be compelled to indemnify one of the parties for breach of contract absent the stranger's *express* agreement to so indemnify." (Emphasis added.) (*Talandis Construction Corp. v. Illinois Building Authority* (1974), 23 Ill. App. 3d 929, 935, 321 N.E.2d 154.) No such express agreement was pleaded in the third-party complaint and thus no right to indemnification has been shown. Consequently, the third-party claim failed to state a cause of action and was therefore rightly dismissed.

The appellant's position on this appeal is predicated on a misinterpretation of the law. He cites cases dealing with the liability of third-party defendants for negligence causes of action and concludes that the third-party complaint is sufficient because it alleges that DeNeal and Holt were negligent in providing him with defective trusses. This is not the relevant inquiry. The cases cited by Simmons (*e.g., Badorski v. Commonwealth Edison Co.* (1980), 89 Ill. App. 3d 494, 411 N.E.2d 924; *Zajac v. Illinois Heating & Ventilating Co.* (1980), 82 Ill. App. 3d 1148, 403 N.E.2d 674; *Rome v. Commonwealth Edison Co.* (1980), 81 Ill. App. 3d 776, 401 N.E.2d 1032; *Reynolds v. Illinois Bell Telephone Co.* (1964), 51 Ill. App. 2d 334, 201 N.E.2d 322), all involved negligence as the gravamen of the *plaintiff's* complaint against the defendant third-party plaintiff. The instant case, as noted above, is predicated on the plaintiff's breach of

*contract* action against Simmons. Although Simmons couches his third-party claim in terms of tort, this does not change the nature of Simmons' potential liability in the suit brought by Maxfield. Hence, the cases on which Simmons relies are distinguishable, and *Duffy* and *Talandis* control.

We therefore affirm the order of the circuit court of Saline County.

Affirmed.

PRESIDING JUSTICE KARNS, concurring:

While I concur in the opinion of the court, I also agree with the reasoning of the trial court. As between DeNeal and Holt, third-party defendants, and Simmons, third-party plaintiff, the transaction involving the trusses was simply a sale of goods under the Uniform Commercial Code. It is not suggested that this sale involved tortious conduct in any manner, even though Simmons employed the word "fault" in his third-party complaint. Plaintiff's claim against Simmons was premised purely on breach of contract. Third-party defendants were entitled to invoke the specific provisions of the Uniform Commercial Code governing the sale of goods. Section 2—725 provides that any action for breach of any contract for sale must be commenced within four years after the cause of action accrues. This section provides further that a breach occurs and the cause of action accrues when the goods are delivered regardless of the aggrieved party's lack of knowledge of the breach. (Ill. Rev. Stat. 1979, ch. 26, par. 2—725.) If the trusses were defective, they were defective at the time of delivery to Simmons. The fact that the purchaser was sued and brought a third-party action against the seller could not extend the time within which the seller could be sued by the purchaser. This case suggests other problems involving the relationship of tort law and the law of sales which are discussed in the recent opinion of the Supreme Court in *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69.

JUSTICE WELCH, dissenting:

I would reverse the trial court's dismissal and reinstate the third-party complaint for the following reasons. Both the majority opinion and the concurring opinion analyze the situation in terms of contract only, ignoring the tortious aspects of the case. The original complaint by Maxfield alleged that the house was defective, dangerous, and faulty and that it failed to comply with the contract between the parties. Thus, the action can be characterized as one for a tortious breach of contract.

The gist of the contractor's third-party complaint is a denial of negligence on his part sufficient to breach the construction contract. If he, the

contractor, is held liable for damage to the house, then he asserts that it is the manufacturer of the trusses and the supplier of the trusses and other building supplies that he used in building the house who are the real culprits in causing the damage.

The majority decision relies on the case of *Board of Education v. Joseph J. Duffy Co.* (1968), 97 Ill. App. 2d 158, 240 N.E.2d 5. In *Duffy* the school board sued the architectural firm (Perkins) involved in building a new high school for breach of contract because of failure to supervise the general contractor (Duffy). The architectural firm filed a third-party complaint against the general contractor for indemnity which was dismissed. The architects appealed. Recovery by the school against the architects on a tort theory was barred by the statute of limitations. Therefore the indemnity count based on the underlying tort theory was moot and properly dismissed. The court held that the count by the school against the architects for breach of contract for failure to supervise the contractors would not support a third-party complaint by the architects against the contractors for indemnity.

> "Perkins' breach was in *its* failure to supervise, and not in the fact that *the contractor* may have performed in an unworkmanlike manner. Thus, Duffy did not cause Perkins to breach its contract, assuming it is proven that Perkins breached its contractual obligation to supervise." *Board of Education v. Joseph J. Duffy Co.* (1968), 97 Ill. App. 2d 158, 163, 240 N.E.2d 5, 8.

In the instant cause the contractor alleges that the only reason he might be held liable for damage to the house is because he unknowingly used defective trusses supplied by the manufacturer and supplier, in other words that they caused his breach.

> "In *Miller v. DeWitt* [(1967) 37 Ill. 2d 273, 226 N.E.2d 630] the court held that a third-party complaint should not be dismissed unless it appears from the pleadings that in no event would the indemnitee have an action against the indemnitor. * * *" *Rome v. Commonwealth Edison Co.* (1980), 81 Ill. App. 3d 776, 780, 401 N.E.2d 1032, 1035, *appeal denied* (1980), 81 Ill. 2d 599.

It is true that no facts supporting an express contractual basis for indemnity were alleged by third-party plaintiff. His complaint was based on an implied contract of indemnity theory. A right to indemnity, absent an express contractual undertaking, may be implied from the terms of the contract governing job responsibility or from the relationship of the parties to the particular work being done at the time the injuries were received. *Tiffiny Decorating Co. v. General Accident Fire & Life Assurance Corp.* (1973), 12 Ill. App. 3d 597, 601, 299 N.E.2d 378, 381.

In its effort to find a basis for the contractor's claim against the manufacturer and supplier the court assumed, erroneously, that the

purchase of materials contract was the only thing which might support liability for indemnity. In this case, as in the case of *Ozark Airlines, Inc. v. Fairchild-Hiller Corp.* (1979), 71 Ill. App. 3d 637, 390 N.E.2d 444, the contract (between contractor and supplier, and by extension the contract between supplier and manufacturer) merely provided the relationship out of which arose the contractor's right to seek indemnity.

Ozark Airlines contracted in 1958 for the purchase of three airplanes from Fairchild-Hiller, an aircraft manufacturer. They were delivered in 1959. On November 16, 1966, at O'Hare Airport, Chicago, Illinois, while one of the planes was taxiing from the loading gate the landing gear (nose wheel and two main gears) retracted and the plane's fuselage settled on the ramp. One passenger suffered personal injuries and the plane was damaged extensively. The passenger sued Ozark in Federal court for his injuries. Ozark filed a third-party action against Fairchild for indemnity of any judgment entered against it on the passenger's behalf. Ozark settled the case with the passenger in May of 1970 for $60,000. One year later Ozark sued Fairchild in the Circuit Court in Illinois for damages arising from the 1966 accident. Counts I, II, and III of the complaint sought indemnity from Fairchild for the $60,000 Ozark paid the passenger. The theories of recovery were negligence, breach of warranty (express and implied), and strict liability.

> "Fairchild argues that the suit is barred by a 5-year statute of limitations [citation], since the relationship of the parties is contractual in nature and the cause of action accrued on the date of delivery of the aircraft, July 16, 1959. Ozark argues that the indemnity cause of action did not accrue until the settlement of Darragh's personal injury suit on May 27, 1970 and, thus, is not barred by the statute of limitations. Ozark's argument is well taken.
>
> * * *
>
> Additionally, plaintiff argues, and we agree, that the nature of Ozark's action is not based on any express promise in the contract for indemnification. The contract merely provides the relationship out of which arises Ozark's right to seek indemnity. * * * Therefore, we find that Ozark's indemnity counts are not barred by the statute of limitations." *Ozark Airlines, Inc. v. Fairchild-Hiller Corp.* (1979), 71 Ill. App. 3d 637, 638-39, 390 N.E.2d 444, 446.

In this case because the materials were delivered by the manufacturer to the contractor for the supplier on April 3, 1974, more than four years before the third-party complaint was filed, the court applied the statute of limitations for contracts for sale of goods under the Uniform Commercial Code to bar the action. The claim was not based on breach of the contract for purchase of goods but on indemnity and is therefore not limited by the statute of limitations of the U.C.C., either as to the

length of time of the statute or the time when the cause of action accrues and the statute starts to run.

The cause of action for indemnity, if one exists, does not accrue until the defendant has judgment entered against him or until he settles the claim in reasonable anticipation of personal liability. (*Forty-eight Insulations, Inc. v. Johns-Manville Products Corp.* (N.D. Ill. 1979), 472 F. Supp. 385, 393.) Only at that point does the statute of limitations begin to run.

The statute of limitations for indemnity actions is the general five-year statute for "all civil actions not otherwise provided for." Ill. Rev. Stat. 1979, ch. 83, par. 16; *Sherman House Hotel Co. v. Butler Street Foundry & Iron Co.* (1912), 168 Ill. App. 549.

Under Illinois law the defendant entitled to indemnity has a choice of filing a third-party complaint against a party or parties who may be liable to indemnify him as a part of the original action (Ill. Rev. Stat. 1979, ch. 110, par. 25(2)), or of waiting until the original action is over and filing a separate action for indemnity if he is found liable. (*Gibbons v. Nalco Chemical Co.* (1980), 91 Ill. App. 3d 917, 920, 417 N.E.2d 477, 480.) In effect, section 25(2) allows the third-party indemnity claim to be filed before it accrues, in order to promote settling of all claims in one action. (*Muhlbauer v. Kruzel* (1968), 39 Ill. 2d 226, 234 N.E.2d 790, 792). The third-party claim cannot be determined, however, before the underlying claim establishing liability and damages is determined. *Klatt v. Commonwealth Edison Co.* (1964), 55 Ill. App. 2d 120, 204 N.E.2d 319, *modified on other grounds* (1965), 33 Ill. 2d 481.

Because the contractor's third-party complaint did state a cause of action for indemnity, it should not have been dismissed. Because the cause of action will not ripen until or unless the contractor is found liable in the original action or settles the original action in reasonable anticipation of being found liable, at which time the statute of limitations will begin to run, the third-party complaint is not barred. I would therefore reverse the trial court and remand the cause with directions to reinstate the third-party complaint.