LEASEWAY WAREHOUSES, INC., a corporation, Plaintiff,

v.

J. Robert CARLTON, et al., Defendants.

J. Robert CARLTON, Defendant and Third-Party Plaintiff,

v.

J.J.L. INCORPORATED, d/b/a American Roofing & Repair Co., Third-Party Defendant.

No. 81 C 5739.

United States District Court, N.D. Illinois, E.D.

July 27, 1983.

Eugene J. Kelley, Jr., Arnstein, Gluck & Lehr, Donald J. Brown, Jr., Baker & McKenzie, Norman A. Miller, Richard A. Buchanan, Clausen, Miller, Gorman, Caffrey & Witous, Chicago, Ill., for plaintiff.

Bruce D. Becker, Isham, Lincoln & Beale, Peter A. Sarasek, Molly B. Warner, Wilson & McIlvaine, Michael L. Weissman, Leon Zelechowski, Weissman & Pond, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Third-party defendant J.J.L. Incorporated, d/b/a American Roofing & Repair Co. ("American"), seeks leave of this Court to withdraw its previously filed answer to J. Robert Carlton's third-party complaint and moves to dismiss the third-party complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For reasons set forth below, American's motion is denied.

Leaseway Warehouses, Inc. ("Leaseway") brought the original action against Carlton in March of 1982.[1] Leaseway alleged in Count I of its complaint that it had entered into a lease with Carlton for a warehouse whereby Carlton, as Lessor, agreed to repair the warehouse roof prior to the start of the lease term. In order to comply with the agreement, Carlton employed American to perform the roofing repairs. Leaseway contended it suffered damages since the repair work was not done in a good and workmanlike manner and that, as a result, Carlton was in breach of the lease.

On April 19, 1982, Carlton filed a third-party complaint against American contending that American breached both an implied and express warranty to perform the repairs in a proper and workmanlike manner and that if Carlton had to respond to Leaseway with damages due to the allegedly improper repair work, Carlton would then be entitled to recover damages against American. American's grounds for its motion to dismiss the third-party complaint are that Carlton is not entitled to indemnity from American under the substantive law of Illinois.

For purposes of a motion to dismiss, we must take the allegations of Carlton's complaint as true, viewing them and any reasonable inferences to be drawn from them in the light most favorable to him. *Powe v. City of Chicago,* 664 F.2d 639, 642 (7th Cir.1981). Carlton's complaint should be dismissed, moreover, only if it appears beyond doubt that he can prove "no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

Third-party practice in the federal courts is regulated by Rule 14(a) of the Federal Rules of Civil Procedure. This rule permits a defendant to bring a third party into an action, provided the third party is liable to the defendant for the claim made against him. The rule reads, in pertinent part, as follows:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and com-

---

1. Jurisdiction was asserted pursuant to 28 U.S.C. § 1332(a), and the amount in controversy was alleged to exceed $10,000 exclusive of interest and costs.

plaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him.

Fed.R.Civ.P. 14(a).

The purposes of Rule 14 are to avoid circuity of action and multiplicity of suits, to prevent the necessity of trying several related claims in different lawsuits and to enable all related claims to be disposed of in one action, thereby simplifying and expediting litigation, eliminating unnecessary expense and saving the time of the courts. *Colton v. Swain,* 527 F.2d 296 (7th Cir.1975). Hence, the rule is liberally construed to effectuate its intended purpose, and the decision to grant leave to bring in a third-party defendant is left within the sound discretion of the court.

As stated in the rule, it must appear that the third party is one who is, or may be, liable to the defendant for all or part of the plaintiff's claim against such defendant. However, the possible liability of the prospective third party must be based on a theory of recovery recognized under the controlling state substantive law. 527 F.2d at 300.

### A.

American contends that Carlton's third-party complaint must be dismissed since Illinois law does not recognize the *Ryan* Doctrine of implied contractual indemnification in building contractor actions. *See Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp.,* 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956). In *Ryan,* the court found an implied indemnity agreement between a stevedoring company and a shipowner. The shipowner had contracted with Ryan to load the owner's ship. The stevedoring operations were not performed in a good and workmanlike manner, and, as a result, one of the stevedore's employees was injured. The injured employee brought an action against the shipowner to recover for the injuries he sustained. The stevedoring company was impleaded as a third-party defendant and ordered to indemnify the shipowner for the liability caused by the stevedore's breach of an implied warranty to perform its operations in a proper and safe manner. 350 U.S. 133, 76 S.Ct. 237.

While American correctly states that Illinois courts have refused to apply the *Ryan* Doctrine to building contractor indemnity actions, citing as authority *Wrobel v. Trapani,* 129 Ill.App.2d 306, 264 N.E.2d 240 (1st Dist.1970); *J.L. Simmons Co., Inc. v. Fidelity and Casualty Co.,* 511 F.2d 87 (7th Cir. 1975), and *Gadd v. John Hancock Mutual Life Insurance Co.,* 5 Ill.App.3d 152, 275 N.E.2d 285 (1st Dist.1971), its reliance on this argument is misplaced.

*Wrobel* and *Gadd* were building contractor-subcontractor indemnity actions, and *Simmons* was a contractor-insurer indemnity action. In each case, a worker brought an action under the Illinois Structural Work Act, Ill.Rev.Stat.1961, ch. 48, §§ 60–69, against their respective contractors for personal injuries suffered on the job site. The building contractors, in turn, sought indemnification for liability imposed through the Act by asserting the existence of an implied indemnity contract under *Ryan;* however, the Illinois courts were limited to the provisions of the Structural Work Act in their determination of whether, under the facts of each case, a duty to indemnify existed. Thus, the courts refused to apply the *Ryan* Doctrine to actions governed by the Structural Work Act.

The instant action, on the other hand, is not brought under the context of the Structural Work Act, but concerns the potential liability of Carlton due to his alleged breach of the lease agreement with Leaseway. If, as Carlton contends, American failed to perform the roofing repairs in a good workmanlike manner, Illinois law would permit Carlton to maintain a separate action against American under a theory of breach of implied warranty. *Economy Fuse and Manufacturing Co. v. Raymond Concrete Pile Co.,* 111 F.2d 875 (7th Cir.1940). Moreover, this Court recognizes the strong policy underlying Rule 14 "... to avoid circuity of actions and to expedite the resolution of secondary actions arising out of or in consequence of the action originally instituted."

*Colton v. Swain,* 527 F.2d 296, 299 (7th Cir.1975).

American argues further that Carlton is not entitled to indemnity since American was a stranger to the Carlton-Leaseway agreement and had not contractually undertaken to indemnify Carlton. American cites as authority *Maxfield v. Simmons,* 107 Ill.App.3d 341, 63 Ill.Dec. 190, 437 N.E.2d 839 (5th Dist.1982). In *Maxwell,* a homeowner brought an action for damages against a building contractor after the roof of the owner's house had buckled. The contractor brought a third-party complaint against the manufacturer and seller of allegedly defective trusses used by the contractor in the construction of the house. The trial court dismissed the third-party complaint with prejudice on the ground that it was barred by the statute of limitations in the Uniform Commercial Code.

On appeal, the dismissal was affirmed, although the appellate court did not address the limitations issue. Instead, the court focused on the allegation in the third-party complaint contending that the third-party defendants had breached an implied indemnity contract. The court held that since the third-party defendants were strangers to the original home construction contract and had not expressly agreed to indemnify the contractor, the contractor's third-party claim failed to state a cause of action and was therefore properly dismissed. 437 N.E.2d at 841.

In the instant action, Carlton, unlike the third-party plaintiff in *Maxfield,* does not contend that American breached an implied indemnity contract, but rather that American failed to perform roofing repairs in a skillful and workmanlike manner. According to Carlton, American's alleged failure to use reasonable skill caused damage not only to the warehouse roof but also to property belonging to the lessee, Leaseway.

Under Illinois law, therefore, American may be liable to Carlton for damages to the extent necessary to put Carlton in the position he would have been in had the contract been properly performed. *Anderson v. Long Grove Country Club Estates, Inc.,* 111 Ill.App.2d 127, 141, 249 N.E.2d 343, 351 (1969). The measure of damages would necessarily include any amount recovered by Leaseway from Carlton due to Carlton's alleged breach of the Leaseway-Carlton lease. American's characterization of this portion of damages as part of an implied indemnity contract in order to defeat Carlton's third-party complaint controverts the strong policy underpinnings of Rule 14. Thus, the third-party complaint states a cause of action.[2]

Accordingly, American's motion to dismiss Carlton's third-party complaint is denied. It is so ordered.

---

2. By denying the motion to dismiss, we, of course, offer no comment on whether or not Carlton can meet its not insignificant evidentiary burden in proving its claim.